PITTMAN, Justice,
for the Court:
Today we make final disposition of Eugene Moore’s appeal to this Court from the denial by the Circuit Court of Sunflower County of Moore’s pro se motion for post- *795 conviction collateral relief. Moore alleged in a petition for writ of habeas corpus that he was improperly denied reinstatement of parole. After a review of the certified records now before us, we affirm the action of the trial court denying Moore’s claims and dismissing his petition.
On September 25, 1987, Moore commenced the present action by filing in the Circuit Court of Sunflower County a pro se petition for writ of habeas corpus. He complained he had been acquitted of the offense the State used as grounds for revoking his parole and, consequently, he was entitled to reinstatement of his parole.
After the Circuit Court of Sunflower County summarily denied Moore’s motion without the benefit of an evidentiary hearing, Moore appealed to this Court. We held the prisoner’s complaint, which alleged his parole was revoked as a result of an arrest for rape and further alleged that Moore was later acquitted of the charge, stated a colorable claim for relief which entitled Moore to proceed beyond the pleadings stage. This Court reversed and remanded the cause to the circuit court for such further proceedings as might be appropriate not inconsistent with the law and our written opinion. See Moore v. Ruth, 556 So.2d 1059 (Miss.1990).
Following our remand, an evidentiary hearing was conducted on March 20, 1990. On March 26, 1990, the circuit judge entered an order concluding there was more than ample cause for the revocation of Moore’s parole and dismissing his petition.
Once again Moore appealed to this Court. Once again we remanded the cause to the circuit court of Sunflower County, this time for further development of the record. See Moore v. State, 587 So.2d 1193 (Miss.1991). In so doing, we pointed out that “[t]his Court does not have an intent to reinstate the petitioner’s parole, but we do have an intent to request that the trial court more completely develop the record.” Id, 587 So.2d at 1196. Specifically, we wanted to know, inter alia, whether or not Moore had, in fact, been tried and acquitted of the offense serving as a basis for his parole revocation, the identity of the terms and conditions of Moore’s parole, the identity of the terms and conditions Moore violated, and the findings of the Parole Board.
Pursuant to our mandate, the circuit court, on November 14, 1991, directed the Parole Board to file certain documents with the clerk of the lower court. It, likewise, granted Moore thirty (30) days to file any documents he deemed relevant to the final disposition of his claims. The documents obtained from the Parole Board have been properly certified and forwarded to this Court as part of the expanded record. Moore, although given an opportunity to do so, did not forward any additional papers.
The original and expanded record, which we have reviewed with meticulous care, contain conclusory allegations unsupported by proof. Moore has certainly had a meaningful opportunity to establish his claims, both during the evidentiary hearing conducted after our first remand and following our second remand when the trial judge granted Moore a period of thirty (30) days to furnish any relevant documents including any order reflecting his acquittal.
Eugene Moore has failed to prove his allegations by a preponderance of the evidence, and the trial court’s denial of Moore’s pro se petition for writ of habeas corpus should be affirmed for this reason if for no other.
Moreover, after reviewing the original record and the record in its expanded form, we concur with the findings made by the circuit judge that reasonable grounds existed for revocation of Moore’s parole outside of the rape charge itself.
For these reasons, the judgment issued by the trial court on March 26, 1990, dismissing Moore’s petition for writ of habeas corpus and reaffirmed by the trial court on January 6, 1992, following our second remand is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, BANKS and McRAE, JJ., concur.