SMITH, Justice.
 

 The State of Alabama petitions for a writ of mandamus directing the trial court to reinstate the guilty plea of the defendant, Billy Don Evans, Jr. We dismiss the petition as untimely filed.
 

 Evans, whom the materials before us identify as a school teacher, was indicted on two counts of child abuse for allegedly hitting two children with an extension cord and a water hose.
 
 [1]
 
 At arraignment, Evans
 
 *197
 
 pleaded not guilty, and his case was scheduled for a trial to be held on April 17, 2006.
 

 The trial court subsequently set a review date to determine whether Evans was eligible to participate in the “pre-trial diversionary program” (hereinafter “the diversion program”) established in the Fifteenth Judicial Circuit in accordance with Act No. 706, Ala. Acts 1978.
 
 [2]
 
 On May 3, 2006, Evans filed a motion requesting that the trial court cancel the review hearing and reschedule his case for trial. In his motion, Evans sought to withdraw his application for participation in the diversion program because a guilty plea was a prerequisite to admission into the diversion program, because the district attorney had expressed strong opposition to Evans’s admission to the diversion program, and because Evans had determined that it was not in his best interest to enter a guilty plea as the trial court would ultimately sentence him as charged and a conviction would “most assuredly cause [him] to lose his employment as a teacher along with all opportunity to vest his retirement .... ” The trial court granted the motion and reset Evans’s case for trial.
 

 Although Evans had requested that he not be considered for the diversion program, he later filed a “Petition to Allow Application for Diversion.” The trial court granted this petition, and a plea hearing was held on June 22, 2006. At the hearing, Evans’s counsel stated that Evans wished to plead guilty and to apply for the diversion program. The deputy district attorney present, however, stated in open court that she did not think Evans would be admitted to the program. The trial court commented: “I’m going to campaign vigorously for his admission into the program. We need to make an exemption on this one. This guy needs to be in.”
 

 The trial court then proceeded to conduct a colloquy with Evans noting that “it was going to be tough” for Evans to be admitted into the diversion program and that his counsel would “campaign” for him and “hopefully” he would be accepted. The trial court also explained that if Evans was not accepted into the diversion program, he would be adjudicated guilty and sentenced: “[L]et’s say for some reason you don’t get in or you get in and you get kicked out ... I’ve got to adjudicate you guilty and sentence you .... ” Evans subsequently pleaded guilty to two counts of felony child abuse and applied to the diversion program.
 

 Evans was ultimately denied entry into the diversion program.
 
 [3]
 
 He “appealed” his denial; however, his appeal and his subsequent “motion for reconsideration” were also denied.
 
 [4]
 
 Upon the motion of the State, Evans’s case was scheduled for sentencing; however, on November 28, 2006, the trial court entered an order in the case-action summary continuing Evans’s sentencing “indefinitely” and placing the case on the trial court’s administrative docket.
 

 
 *198
 
 On July 24, 2007, the trial court entered the following order appointing new counsel for Evans and setting a hearing for sentencing:
 

 “Comes the Court and does hereby order that the Honorable Richard White is appointed as counsel for the defendant for the purposes of sentencing. Defendant pled guilty to two counts of child abuse on June 22, 2006 before this Court. The Court having determined that, after several attempts, defendant was unable to enroll in the Pre-trial Diversion Program, does hereby set sentencing for September 6, 2007 .... ”
 

 The sentencing hearing was continued, and on October 4, 2007, the trial court held a hearing “to sentence Mr. Evans on two counts of child abuse .... ” The following exchange occurred:
 

 “MR. WHITE [defense counsel]: I’ve talked to [Evans] in pretty good detail .... I’m under the impression if he gets a felony, if you adjudicate him guilty, he’s going to lose his job.
 

 “MR. WHITE: My understanding from talking with him was he did not understand that .... But his understanding [was] ... that he was going to go to pretrial; that his case—
 

 “THE COURT: They won’t let him in.... I think Mr. Evans ought to be allowed to do pretrial because he does teach school; he’s taught school for a long time, like twenty something years.... Mr. Evans here is a good person who’s got a good job, who’s never been in trouble, who needs to get his retirement, who needs — and who’s a great teacher. I’ve gotten great reports. And I’m just going, you know, why can’t we do pretrial diversion? Well, we can’t because the DA’s office says no ....
 

 “THE COURT: Well, and this is what I was going to do ... Mr. Evans, when can you retire?
 

 “[EVANS]: ... 2009.
 

 “THE COURT: ... We’ll just let him withdraw the guilty plea, and we’ll just — we’ll reset the case after his retirement.
 

 “[DEPUTY DISTRICT ATTORNEY]: The State would object to him withdrawing his guilty plea. On June 22, 2006, he pled guilty with the understanding — I made it very clear — that it was my opinion that he would not be eligible for pretrial diversion and that he would not get into pretrial diversion. The adjudication was withheld pending the outcome of pretrial diversion, so he did plead guilty on that date. He made a knowing and voluntary and intelligent plea of guilt in this case. Mr. Freeman, his attorney at that time, was given all of the discovery, given the pictures, and there were extensive talks about what would happen or what could possibly happen if this case went to trial. So based on that, the State would object to him being allowed to withdraw his guilty plea.
 

 “THE COURT: Okay. And I’ll note your objection. And I am going to allow him to withdraw.
 

 “THE COURT: ... And I am going to let you withdraw your plea because I think you only entered it with the understanding you would get in pretrial diversion .... ”
 

 The trial court granted Evans’s oral motion to withdraw his guilty plea, and it set the case for trial on January 4, 2010, after Evans is scheduled to begin receiving his retirement benefits.
 

 
 *199
 
 On October 11, 2007, the State filed a petition for a writ of mandamus in the Court of Criminal Appeals, presumably seeking the same relief sought in the instant petition. The Court of Criminal Appeals denied the State’s mandamus petition without an opinion on January 7, 2008.
 
 Evans v. State
 
 (No. CR-07-0069, January 7, 2008), — So.3d - (Ala.Crim.App. 2008) (table). The State asserts that it never received a notice that the Court of Criminal Appeals had denied its petition; after learning of the denial, the State filed the instant petition in this Court on February 19, 2008.
 

 In its petition, the State contends that Evans failed to meet his burden of establishing that his pleas were due to be withdrawn, that the trial court clearly exceeded its discretion in allowing Evans to withdraw his guilty pleas simply because he had been denied entry in the diversion program, and that the trial court exceeded its discretion in postponing the trial date until after Evans is eligible to begin receiving retirement benefits.
 

 We express no opinion on the merits of the State’s arguments or the appropriateness of the trial court’s actions in this case, because we conclude that the petition must be dismissed as untimely filed. Rule 21, Ala. R.App. P., governs the filing of mandamus petitions. Rule 21(a) governs, among other things, mandamus petitions “directed to a judge or judges,” while Rule 21(e) specifically governs this Court’s review of a decision of a “court of appeals” on an “original petition for writ of mandamus or prohibition or other extraordinary writ.” These two subdivisions also have different timing provisions. Rule 21(a)(3) provides:
 

 “The petition shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court or of a lower appellate court shall be the same as the time for taking an appeal. If a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.”
 

 However, the timing for the filing of a petition pursuant to Rule 21(e) is different. If a rehearing was sought in the court of appeals, then the timing of the petition filed in the supreme court (with some exceptions if the application is withdrawn) is governed by subdivision (e)(3). That subdivision incorporates the procedures for certiorari review found in Rule 39, Ala. RApp. P., including the various timing provisions found in that rule.
 

 If no application for rehearing is filed (or is properly withdrawn as specified in subdivision (e)(3)), then the timing of the filing is governed by subdivision (e)(2), which provides:
 

 “(2) Such review in the supreme court of a grant or denial must be commenced by filing the petition in the supreme court within fourteen (14) days of the grant or denial of the writ by the court of appeals. Procedures on such review shall conform to the provisions of subdivisions (a), (b), and (c) of this rule where those subdivisions are applicable.”
 

 In the instant case, the State’s “original petition for extraordinary relief’ was denied by the Court of Criminal Appeals; therefore, the State has filed in this Court a presumably “similar petition.” Rule 21(e)(1). Because no application for rehearing was filed, subdivision (e)(3), requiring review by writ of certiorari, does not apply in this case. Instead, the timeliness of the State’s petition is governed by subsection (e)(2), which requires that the
 
 *200
 
 petition be filed “within fourteen (14) days of the grant or denial of the writ by the court of appeals.”
 

 The Court of Criminal Appeals denied the State’s mandamus petition on January 7, 2008; the instant petition was not filed with this Court until February 19, 2008, well beyond the 14 days specified in Rule 21(e)(2). Therefore, it is untimely filed.
 

 However, the State points to the second sentence in subdivision (e)(2), which states that “[procedures on such review shall conform to the provisions of subdivisions (a), (b), and (c) of this rule where those subdivisions are applicable.” The State suggests that “the review” of the petition filed in this Court “must also conform to the provisions in subdivisions (a), (b), and (c).” The State then notes that Rule 21(a)(3) states that if “a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time.” The State then suggests that the timing provisions in Rule 21(a)(3) apply in this case, and further contends that although this petition was “filed beyond the presumptively reasonable time, it is appropriate for this Court to review because the State of Alabama filed this action immediately after becoming aware of the decision of the Alabama Court of Criminal Appeals.”
 

 The general timing provision in subdivision (a)(3) does not apply to the State’s petition for the writ of mandamus in this case. As noted above, Rule 21(e) specifically governs a petition filed in the “supreme court” to review a “decision of a court of appeals on an original petition for writ of mandamus .... ” Furthermore, Rule 21(e)(2) invokes only the provisions of subdivisions (a), (b), and (c), “where those subdivisions
 
 are applicable.”
 
 (Emphasis added.) Rule 21(e) specifically governs the filing in the “supreme court” of a petition to review a decision of a court of appeals, and Rule 21(e)(2) requires that such a petition be filed within 14 days of the grant or denial of the writ by the court of appeals. Because Rule 21(e)(2) specifically governs the timing of filing in this Court of a petition for a writ of mandamus reviewing a decision of a court of appeals, the general provisions governing the time for filing mandamus petitions in Rule 21(a)(3) are not “applicable” within the meaning of the second sentence of Rule 21(e)(2). Cf.
 
 State Farm Mut. Auto. Ins. Co. v. Brown,
 
 894 So.2d 643, 650 (Ala.2004) (“[A] statutory provision relating to a specific subject is understood to act as an exception to a provision relating to general subjects.”). Because the petition in this case was not filed within, 14 days after the Court of Criminal Appeals’ denial of the State’s petition for the writ of mandamus,
 
 [5]
 
 we hold that the instant petition is untimely filed and, therefore, is due to be dismissed.
 

 PETITION DISMISSED.
 

 COBB, C.J., and SEE, LYONS, WOODALL, STUART, BOLIN, PARKER, and MURDOCK, JJ., concur.
 

 [1]
 

 . It appears from the materials before us that the alleged abuse did not occur in conjunction with Evans's teaching.
 

 [2]
 

 . Act No. 706 provided for the creation of a “pre-trial or a pre-prosecution diversionary or deferred prosecution program,” § 2.a., in the Fifteenth Judicial Circuit. Persons who are accepted into and satisfactorily complete the diversion program are entitled to a "noncriminal disposition” of the charges against them.
 

 [3]
 

 . According to the State’s brief, it has been the policy of the diversion program for over 30 years to exclude all violent offenders from participating in the program.
 

 [4]
 

 .It is unclear what procedures Evans undertook in the "appeal” process. The exhibits submitted with the petition for the writ of mandamus simply reflect that Evans's "appeal” and his "appeal reconsideration” had been denied by the district attorney and that his case was "being returned to the court system for prosecution.”
 

 [5]
 

 . The materials before us do not explain why the State did not receive notice that the Court of Criminal Appeals had denied the petition, and there is no explanation or affidavits in the materials before us demonstrating the circumstances of the State’s alleged lack of notice.