WILSON, J.,
FOR THE COURT:
¶ 1. Karanja Cobbert argues that the circuit court exceeded its authority by imposing the full remainder of the suspended portion of his sentence after the court revoked his post-release supervision (PRS) for a second time based on “technical violations.” Cobbert argues that because this was only his second revocation, the circuit court lacked authority to impose a period of imprisonment of more than 120 days to be served at a technical violation center (TVC). See Miss. Code Ann. § 47-7-37 (Rev. 2015). Cobbert’s argument confuses the statutory definition of a “technical violation” with a revocation order, which may be based on one or more technical violations. Cobbert had committed four technical violations, so the circuit court was within its authority to impose the full remainder of the suspended portion of his sentence. We therefore affirm the circuit court’s order denying Cobbert’s subsequent motion for post-conviction relief (PCR).
FACTS AND PROCEDURAL HISTORY
¶ 2. In 2008, Cobbert pled guilty in the Lamar County Circuit Court to the charge of commercial burglary. The court sentenced Cobbert to serve seven years in the custody of the Mississippi Department of Corrections (MDOC), with six years suspended and five years of supervised PRS. The sentence was to be served consecutively to another sentence that Cobbert was then serving.
¶3. In December 2014, Cobbert’s PRS was revoked because he had violated three conditions of his PRS: he failed to report to his probation officer, he failed to pay required supervision fees to MDOC, and he failed to pay court costs. The circuit court imposed a period of imprisonment of ninety days to be served at a TVC.
¶ 4. After Cobbert was released from the TVC, he again failed to report to his probation officer. He was also arrested and charged with residential burglary and receiving stolen property. At his subsequent revocation hearing, Cobbert admitted that he failed to report to his probation officer as required by the terms of his PRS. The *824 circuit judge then revoked Cobbert’s PRS based on Cobbert’s admission that he failed to report, which made it unnecessary for the court to consider the new charges against Cobbert. The judge then ordered Cobbert to serve the remainder of his suspended sentence.
¶ 5. In August 2015, Cobbert filed ' a PCR motion, As relevant to this appeal, Cobbert eventually argued that the circuit court lacked authority to impose a period of imprisonment in excess of 120 days at a TVC because his PRS was revoked based on a “technical violation.” See Miss. Code Ann. § 47-7-37(5). The circuit court denied Cobbert’s PCR motion, and Cobbert filed a timely notice of appeal from the final judgment.
DISCUSSION
¶ 6. We affirm because the circuit court was within its authority when it ordered Cobbert to serve the remainder of his suspended sentence. Mississippi Code Annotated section 47-7-37(5)(a) provides in relevant part:
If the court revokes probation for a technical violation, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed ninety (90) days for the first technical violation and not to exceed one hundred twenty (120) days for the second technical violation. For the third technical violation, the court may impose a period of imprisonment to be served in either a technical violation center or a restitution center for up to one hundred eighty (180) days or the court may impose the remainder, of the suspended portion, of the sentence. For the fourth and any subsequent technical violation, the court may impose up to the remainder of the suspended portion of the sentence.
Id., (emphasis added). A “[tjechnical viola-, tion” is defined as “an act or .omission, by the probationer that violates a condition or conditions of probation placed on the probationer by the court or the probation officer!” Id. § 47-7-2(q).
¶ 7. As described above, Cobbert’s PRS was revoked for his fourth technical violation. At Cobbert’s first revocation hearing)-the State established three technical violations: that Cobbert failed to report to his probation officer, that he failed to pay required fees, and that he failed to pay court costs.- At Cobbert’s second revocation hearing, the State established that Cobbert had failed to report once again, his fourth technical violation. Cobbert thus committed four separate acts or omissions that violated a condition or conditions of his PRS. Therefore, under the plain language of the statute, the circuit court was within its authority to impose the remainder of the suspended portion of Cobbert’s sentence.
¶ 8. In arguing that the circuit court was limited to sending Cobbert to a TVC for 120 days, both Cobbert and the dissent confuse a “technical violation” with a revocation order based on one or more technical violations. The dissent argues that since this was only the second time Cob-bert’s PRS had been revoked because of technical violations, Cobbert could not be imprisoned for more than 120 days. However, that simply is not what the relevant statutes say. In effect, the dissent would rewrite section 47-7-37(5)(a) to read as follows:
If the court revokes probation for a .technical violation, the court shall- impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed ninety (90) days for the first [revocation based on the commission of one or more] technical violation[s] and not to *825 exceed one hundred twenty (120) days for the second [revocation based on the commission of one or more] technical violation^]. For the third [revocation based on the commission of one- or more] technical violation[s], the court may impose a period of imprisonment to be served in either a technical violation center or a restitution center for up to one hundred eighty (180) days or the court may impose the remainder of the suspended portion of the sentence. For the fourth and any subsequent [revocation based on the commission of one or more] technical violation^], the court may impose up to the remainder of the suspended portion of the sentence. The period of imprisonment in a technical violation center imposed under this section shall not be reduced in any manner.
Either that, or the dissent would rewrite section 47-7-2(q) as follows:
“Technical violation” means [a. revocation of probation based on one or more violations of] an act or omission by the probationer that violates a condition or conditions of probation' placed on the probationer by the court or the probation officer.
¶ 9. As rewritten by the dissent, a probationer could commit numerous technical violations before the circuit judge would have the authority to impose the remainder of his suspended sentence. This is contrary to the plain language of the relevant statutes, which permit the circuit judge to do so “[f]or the third technical violation.”
¶ 10. When interpreting a statute, “we simply cannot ... ignore [its] plain language.” Bester v. State, 188 So.3d 526, 529 (¶ 10) (Miss. 2016). Regardless of what we might think that the Legislature meant, “[wjhatever the Legislature says in the text of the statute is considered the best evidence of the legislative intent.” Miss. Dep’t of Transp. v. Allred, 928 So.2d 152, 155 (¶ 14) (Miss. 2006) (quoting Pegram v. Bailey, 708 So.2d 1307, 1314 (Miss. 1997)). “If the words of a statute are clear and unambiguous, the Court [simply] applies the plain meaning of the statute Lawson v. Honeywell Int’l Inc., 75 So.3d 1024, 1027 (¶ 7) (Miss. 2011). “We do so because of our ‘constitutional mandate to faithfully apply the provisions of constitutionally enacted legislation.’ ” Bester, 188 So.3d at 529 (¶ 10) (quoting Univ. of Miss. Med. Ctr. v. Easterling, 928 So.2d 815, 820 (¶ 23) (Miss. 2006)). “The function of the Court is not to decide what a statute should provide, but to determine what it does provide.” Lawson, 75 So.3d at 1027 (¶ 7). Under the plain language of the relevant statutes, the circuit court was within its authority when it ordered Cobbert to serve the full remaining portion of his suspended sentence based on his fourth technical violation.
¶ 11. The dissent also emphasizes' that section 47-7-2(q) defines a technical violation as “an act or omission that violates a condition or conditions of probation.” Post at (¶ 23) (emphasis added by the dissent). The dissent reasons that under this definition “there could potentially be more -than one condition within a single violation!” Id. (emphasis added). We agree with this interpretation of the definition. Separate conditions of PRS commonly include orders not to commit any new criminal offenses (misdemeanor or felony), to “avoid injurious or vicious habits,” to “avoid persons or places of disreputable or harmful character,” not to possess or consume any alcohol or drugs, and not to possess firearms or other weapons. It is easy to see that such conditions may overlap so that in some cases a single “act or omission” by a probationer may “violate[ ] a condition or conditions of probation.” Miss. Code Ann. § 47-7~2(q) (emphasis added). Such an *826 “act or omission” would be a single “technical violation” under the law. The dissent is correct to say this situation “could potentially” arise. Post at (1123) (emphasis added).
1112. However, that is not what happened in this case. Cobbert’s PRS was first revoked because he failed to report to his probation officer, he failed to pay court costs, and he failed to pay required fees.[1] Cobbert’s PRS was revoked a second time because he again failed to report to his probation officer. Section 47—7—2(q) defines a technical violation as “an act or omission that violates a condition or conditions of probation.” Cobbert committed four separate acts or omissions, each of which violated a condition or conditions of his PRS. Again, the dissent is correct that “there could potentially be” a case in which a single “act or omission” by a probationer “violates ... [multiple] conditions of [his] probation.” Post at (¶ 22). But such a hypothetical case has nothing to do with the actual facts of this case, which involve four separate acts or omissions by Cobbert.
¶ 13. We do acknowledge that this Court recently reached a different result in Walker v. State, No. 2015-CP-00912-COA, — So.3d -, -, 2016 WL 6083239, at *4 (¶ 19) (Miss. Ct. App. Oct. 18, 2016) (rehearing denied April 11, 2017; petition for writ of certiorari filed April 21, 2017). Walker decided the issue in a single paragraph without discussing the proper interpretation of the statute. Walker’s argument was buried at the end of the third of five issues in a lengthy, handwritten pro se brief. As a result, the State may have overlooked the issue of statutory interpretation and did not address it directly until its motion for rehearing, which we recently denied. In retrospect, we should have requested supplemental briefing before deciding Walker. In any event, the conclusion in Walker is contrary to the plain language of the statute and should be overruled.
¶ 14. The dissent concludes with an assertion that “[t]he majority’s opinion is regressive.” Post at (¶ 27). However, our role is to apply the text of the statute as it was enacted by the Legislature, not to rewrite the law because we think it is “regressive” as written. The dissent also asserts that this opinion will “defeat the purpose of the statute,” which the dissent understands to be “creating uniformity among revocation sentences in Mississippi.” Id. Assuming the dissent is correct about the statute’s purpose, this assertion simply begs the question. Was the Legislature’s purpose to promote uniform treatment of first, second, third, and fourth revocations, as the dissent thinks best? Or was the Legislature’s purpose to promote uniform treatment of first, second, third, and fourth technical violations'! The text of the statute uses the latter term, which the Legislature specifically defined. “Whatever the Legislature says in the text of the statute is considered the best evidence of the legislative intent.” Allred, 928 So.2d at 155 (¶ 14) (quoting Pegram, 708 So.2d at 1314).
¶ 15. In summary, the circuit court had authority under the plain language of section 47-7-37(5)(a) to impose the full remainder of the suspended portion of Cobbert’s sentence based on his fourth technical violation of his PRS. We therefore affirm the circuit court’s order denying Cobbert’s subsequent PCR motion.
¶ 16. THE JUDGMENT OF THE LAMAR COUNTY CIRCUIT COURT DE *827 NYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAMAR COUNTY.
GRIFFIS, P.J., ISHEE, CARLTON AND FAIR, JJ., CONCUR. GREENLEE, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. WESTBROOKS, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., AND BARNES, J.; LEE, C.J., AND GREENLEE, J., JOIN IN PART.

. Even if we treated Cobbert’s failure to pay fees to MDOC and failure to pay court costs as a single omission, that would still leave three technical violations, which would have permitted the circuit court to impose the full remainder of the suspended portion of Cob-bert’s sentence. See Miss. Code Ann. § 47-7-37(5)(a).