# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-CT-00912-SCT

*DEMARIO WALKER a/k/a DEMARIO D. WALKER*
*a/k/a DEMARIO DONTEZ WALKER*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 05/23/2015 |
| TRIAL JUDGE: | HON. ANTHONY ALAN MOZINGO |
| TRIAL COURT ATTORNEYS: | LISA McGLOFLIN |
| | LINDSAY WATTS |
| | DEMARIO WALKER (PRO SE) |
| COURT FROM WHICH APPEALED: | JEFFERSON DAVIS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DEMARIO WALKER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON DAVIS COUNTY IS REINSTATED AND AFFIRMED - 09/21/17 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1. After Demario Walker's probation was revoked and he was sentenced to serve the full five years of his suspended sentence, Walker filed a motion for post-conviction relief (PCR). The Jefferson Davis County Circuit Court dismissed Walker's petition, and Walker appealed.

The Court of Appeals affirmed in part and reversed and remanded in part the judgment of the circuit court. We granted certiorari review and hold that the Court of Appeals did not err in finding that (1) the circuit court had jurisdiction and authority to revoke Walker's probation, (2) Walker was afforded due process at his revocation hearing, and (3) revocation of Walker's probation was proper. However, the Court of Appeals did err in finding that the circuit court's sentencing Walker to serve the full, five-year term of his suspended sentence was improper. Therefore, we affirm in part and reverse and render in part the Court of Appeals judgment, and we reinstate and affirm the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2. After pleading guilty in Jefferson Davis County Circuit Court to the crime of false pretense under Mississippi Code Section 97-19-55, Walker was sentenced to serve five years' incarceration, with imposition suspended pending successful completion of a five-year probationary period. *See* Miss. Code Ann. § 97-19-55 (Supp. 2016). Walker also was ordered to pay $1,018.57 in restitution and fees.

¶3. Approximately one year later, Walker was discharged from parole for an unrelated conviction. He then was placed on parole for his false-pretense conviction. After Walker failed to report monthly for four months to his probation office, failed to pay required fees, and failed to pay restitution to his victim, Walker's probation officer Richard Johnson filed an affidavit, resulting in the circuit court issuing a warrant for Walker's arrest.

¶4. Subsequently, Walker's probation was revoked. At his revocation hearing, Walker stated that Johnson had told him he was on probation. Walker was sentenced to serve the full

five years' incarceration of his suspended sentence. In response to the revocation of his probation, Walker moved for PCR, which motion was dismissed by the circuit court. Walker appealed the circuit court's dismissal, and the Court of Appeals affirmed in part and reversed and remanded in part for further consideration consistent with its opinion. Both the State of Mississippi and Walker filed petitions for certiorari, both of which were granted by this Court.

## ANALYSIS

¶5.     In his petition for certiorari review, Walker raises two issues. First, he argues that no evidence was presented that he violated the terms and conditions of his probation in a material respect. Second, Walker argues that he was not on probation in Jefferson Davis County at the time his alleged violations occurred. In its petition, the State argues that the Court of Appeals erred as a matter of law and fact in holding that (1) Walker could only be sentenced to not more than ninety days and (2) this was Walker's "first technical violation."

### I.     Standard of Review

¶6.     Our standard of review of the trial court's denial of a PCR motion is clear. We will not reverse the factual findings of the trial court unless they are clearly erroneous. ***Brown v. State***, 731 So. 2d 595, 598 (Miss. 1999). All questions of law are reviewed *de novo*. ***Id.***

### II.     Violation of Parole

¶7.     Walker argues that the trial court improperly found that he violated the terms of his parole because no evidence was presented at his revocation hearing to substantiate the allegations alleged in Johnson's affidavit against him.

3

¶8.    As the Court of Appeals held, Johnson swore an affidavit that Walker had not

properly conducted himself [and] had violated the conditions of his probation
in a material respect by:

> Condition (c) Report to MDOC as directed by it; Offender
> Walker failed to report for the month of July 2014, August 2014,
> September 2014, and October 2014; Offender['s] location is
> unknown; Offender has absconded probation.
>
> Condition (i) Pay required fee during each month of probation
> to MDOC; Offender Walker currently owes $412.00.
>
> Condition (l) Defendant shall pay restitution; Offender currently
> owes $968.57.

Walker was provided a copy of these violations and the evidence presented against him in

a waiver of his right to a preliminary revocation hearing, which he signed. At his hearing,

Walker did not dispute any allegations, called no witnesses, and did not cross-examine

Johnson. We find this issue to be without merit.

### III.    Timing of Probation

¶9.    Walker also argues that he was not on probation during the time of these alleged

violations. However, Walker admitted that Johnson informed him he was on probation and

that both agreed his probation started in July 2014. Both the trial court and Court of Appeals

determined that Walker was, in fact, on probation at the time the violations occurred. This

issue is without merit.

### IV.    Mississippi Code Section § 47-7-37-(5)(a)

¶10.    At Walker's revocation hearing, the trial court revoked his probation and sentenced

him to the entirety of his original five-year sentence. The Court of Appeals reversed and

4

remanded, finding that, because this was Walker's first technical violation of his probation, he should have been sentenced to not more than ninety days. Subsection (5)(a) of Mississippi Code Section 47-7-37 reads in pertinent part:

> . . . If the court revokes probation for a technical violation, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed ninety (90) days for the first technical violation and not to exceed one hundred twenty (120) days for the second technical violation. For the third technical violation, the court may impose a period of imprisonment to be served in either a technical violation center or a restitution center for up to one hundred eighty (180) days or the court may impose the remainder of the suspended portion of the sentence. For the fourth and any subsequent technical violation, the court may impose up to the remainder of the suspended portion of the sentence. The period of imprisonment in a technical violation center imposed under this section shall not be reduced in any manner.

Miss. Code Ann. § 47-7-37 (Rev. 2014).

¶11.    In its petition for certiorari, the State argues that Walker violated three conditions of his parole, as reflected by Johnson's affidavit. The State submitted that each individual violation was a separate technical violation as contemplated by Section 47-7-2(q). Section 47-7-2(q) defines "technical violation" as "an act or omission by the probationer that violates a condition or conditions of probation placed on the probationer by the court or the probation officer." Miss. Code Ann. § 47-7-2 (Rev. 2014).

¶12.    After filing its petition, the State informed this Court of the recent decision by the Court of Appeals, in which it acknowledged that "the conclusion in *Walker* is contrary to the plain language of the statute and should be overruled." *Cobbert v. State*, No. 2016-CP-00446-COA, 2017 WL 2781962, at *3 (Miss. Ct. App. June 27, 2017). In *Cobbert*,

5

the Court of Appeals distinguished between a "technical violation" and a "revocation order," which could be made up of numerous technical violations. *Id.* at *2.

> At Cobbert's first revocation hearing, the State established three technical violations: that Cobbert failed to report to his probation officer, that he failed to pay required fees, and that he failed to pay court costs. At Cobbert's second revocation hearing, the State established that Cobbert had failed to report once again, his fourth technical violation. Cobbert thus committed four separate acts or omissions that violated a condition or conditions of his PRS. Therefore, under the plain language of the statute, the circuit court was within its authority to impose the remainder of the suspended portion of Cobbert's sentence.

*Id.*

¶13. Today's case presents similar facts. While this is Walker's first revocation hearing, he committed three technical violations of his probation. Pursuant to the relevant code section, the trial court properly sentenced Walker to serve the remaining five years of his original sentence. We adopt the Court of Appeals holding in **Cobbert** that a proper interpretation of Section 47-7-37(5)(a) requires a finding of each separate violation of parole to be a separate and distinct technical violation. Walker committed three separate acts or omissions, each of which violated a condition or conditions of his probation.

**CONCLUSION**

¶14. Although the Court of Appeals improperly reversed the trial court's imposition of the full remainder of Walker's sentence, it recognized its error in **Cobbert**. Therefore, we affirm in part and reverse in part the judgment of the Court of Appeals, and we reinstate and affirm the judgment of the circuit court.

¶15. **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. THE JUDGMENT OF THE**

6

**CIRCUIT COURT OF JEFFERSON DAVIS COUNTY IS REINSTATED AND AFFIRMED.**

**WALLER, C.J., KITCHENS, P.J., KING, COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. ISHEE, J., NOT PARTICIPATING.**