# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-01806-COA

**WILLIAM R. EDMONSON, JR. A/K/A WILLIAM EDMONSON A/K/A WILLIAM RANDLE EDMONSON, JR. A/K/A WILLIAM RANDALL EDMONSON, JR. A/K/A RANDALL EDMONSON A/K/A WILLIAM R. EDMONSON A/K/A WILLIAM RANDALL EDMONDSON, JR. A/K/A WILLIAM RANDALL EDMONDSON A/K/A WILLIAM EDMONDSON**

**APPELLANT**

v.

**STATE OF MISSISSIPPI**

**APPELLEE**

DATE OF JUDGMENT: 12/08/2016
TRIAL JUDGE: HON. LEE J. HOWARD
COURT FROM WHICH APPEALED: LOWNDES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: WILLIAM R. EDMONSON, JR. (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
  BY: BILLY L. GORE
NATURE OF THE CASE: CIVIL - POST-CONVICTION RELIEF
DISPOSITION: AFFIRMED - 02/27/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

BEFORE LEE, C.J., FAIR AND GREENLEE, JJ.

GREENLEE, J., FOR THE COURT:

¶1. William R. Edmonson, Jr., filed a post-conviction-relief (PCR) motion claiming that the Lowndes County Circuit Court improperly revoked his post-release supervision (PRS) and imposed the remainder of his two previously suspended consecutive five-year sentences for uttering forgeries. More specifically, he argued that he was denied due process because he had ineffective assistance of counsel, and his sentences exceeded statutory guidelines. The

circuit court summarily dismissed the PCR motion without the necessity of a hearing. On appeal, Edmonson does not reiterate his ineffective-assistance-of-counsel claim. Therefore, it is not before this Court. As to all other claims, we find no error and affirm the circuit court's judgment summarily dismissing Edmonson's PCR motion.

## STATEMENT OF FACTS

¶2. On May 24, 2006, Edmonson pled guilty to two counts of uttering a forgery.[1] On both counts, he was sentenced to five years in the custody of the Mississippi Department of Corrections (MDOC), followed by five years of PRS. The sentences were ordered to run consecutively, for a total of ten years of incarceration, followed by ten years of PRS.

¶3. In September 2015, Edmonson's PRS was revoked because he had violated several conditions of his PRS: he was arrested and charged with grand larceny, he had tested positive for illegal drugs, he had failed to pay required supervision fees to MDOC, and he had failed to pay court-ordered restitution and fines. The circuit court then ordered him to serve the remainder of his two sentences, ten years in total, with credit for time served awaiting revocation.

¶4. On October 18, 2016, Edmonson filed a PCR motion. Relevant to this appeal, Edmonson argued that (1) the circuit court lacked authority to impose a period of imprisonment greater than ninety days for his first technical violation of his PRS, (2) he was unconstitutionally held in excess of the statutory time period to conduct a revocation hearing,

---

[1] On August 1, 2005, a grand jury indicted Edmonson on five counts of uttering a forgery. Pursuant to his plea deal, Counts 3-5 of the indictment were retired to the files on May 24, 2006.

and (3) a discrepancy existed between his written revocation sentence and the sentence orally imposed at his revocation hearing. The circuit court summarily dismissed Edmonson's PCR motion. Edmonson appeals.

## STANDARD OF REVIEW

¶5.     We review the denial of a PCR motion for abuse of discretion, meaning "this Court will not disturb the factual findings of a trial court in denying the [motion] unless such findings are clearly erroneous." *Rowland v. State*, 42 So. 3d 503, 506 (¶8) (Miss. 2010). "When reviewing questions of law, our standard is de novo." *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012). The summary dismissal of a PCR motion will be affirmed "if the movant fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right." *Id.*

## DISCUSSION

¶6.     On appeal, Edmonson argues that he is entitled to relief for several reasons. First, he asserts that the circuit court lacked the authority to impose a period of imprisonment greater than ninety days for his first technical violation. *See* Miss. Code Ann. § 47-7-37(5)(a) (Rev. 2015). Second, he argues that he was unconstitutionally held in custody for sixty-seven days, which he asserts is in violation of Mississippi Code Annotated section 47-7-37(3) (Rev. 2015). Finally, he argues that the written order revoking his sentence, which imposed a ten-year term of imprisonment, is invalid because it contradicted the circuit court's verbal five-year sentence.

### I.     Sentence Revocation

¶7.    First, Edmonson argues that the circuit court lacked authority to impose a period of imprisonment greater than ninety days for his first technical violation. *See* Miss. Code Ann. § 47-7-37(5)(a). He does not deny that he violated the conditions of his PRS. As Edmonson was found to have committed at least three technical violations, we cannot say the circuit court's decision was clearly erroneous.

¶8.    Section 47-7-37(5)(a) provides a circuit court with authority to revoke PRS and impose a period of imprisonment. *Atwood v. State*, 183 So. 3d 843, 846 (¶8) (Miss. 2016).[2] It states in pertinent part:

> If the court revokes probation for a technical violation, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed ninety (90) days for the first technical violation and not to exceed one hundred twenty (120) days for the second technical violation. For the third technical violation, the court may impose a period of imprisonment to be served in either a technical violation center or a restitution center for up to one hundred eighty (180) days or the court may impose the remainder of the suspended portion of the sentence. For the fourth and any subsequent technical violation, the court may impose up to the remainder of the suspended portion of the sentence.

Miss. Code Ann. § 47-7-37(5)(a). A "technical violation" is defined as "an act or omission by the probationer that violates a condition or conditions of probation placed on the probationer by the court or the probation officer." Miss. Code Ann. § 47-7-2(q) (Rev. 2015).

¶9.    Recently, this Court addressed technical violations as they pertain to section 47-7-37 in *Cobbert v. State*, 223 So. 3d 822 (Miss. Ct. App. 2017). In *Cobbert*, Karanja Cobbert's

---

[2] *See also* Miss. Code Ann. § 47-7-34(2) (Rev. 2015) ("Procedures for termination [of PRS] and recommitment shall be conducted in the same manner as procedures for the revocation of probation and imposition of a suspended sentence as required pursuant to [s]ection 47-7-37.").

PRS was revoked, and the remainder of the suspended portion of his sentence was reinstated when he was found to have committed four technical violations of conditions of his PRS. *Id.* at 823-24 (¶4). After unsuccessfully challenging the circuit court's decision through a PCR motion, Cobbert appealed, arguing that the circuit court exceeded its authority by imposing the full remainder of his sentence. *Id.* at 824 (¶5). This Court affirmed the circuit court's decision, finding that Cobbert had committed four technical violations. *Id.* at 826 (¶15).

¶10.     We reasoned that during his first revocation hearing, it was established that Cobbert had committed three technical violations: he failed to report to his parole officer, he failed to pay required fees, and he failed to pay court costs. *Id.* at (¶12). Further, it was established at his second revocation hearing that he had once again failed to report. *Id.* Therefore, this Court found that, under the plain meaning of the statute, Cobbert had "committed four separate acts or omissions that violated a condition or conditions of his PRS." *Id.* at 825 (¶7). This same reasoning was explicitly adopted by the Mississippi Supreme Court in *Walker v. State,* 230 So. 3d 703, 706 (¶13) (Miss. 2017) ("[A] proper interpretation of Section 47-7-37(5)(a) requires a finding of each separate violation of parole to be a separate and distinct technical violation.").

¶11.     In the present case, the circuit court found Edmonson had violated four conditions of his PRS: (1) he was arrested and charged with grand larceny, (2) he tested positive for illegal drugs, (3) he failed to pay required supervision fees to MDOC, and (4) he failed to pay court-ordered restitution and fines. Edmonson does not deny that he committed such violations, but rather argues that his charge of grand larceny cannot be used to revoke his PRS because the

charge was ultimately dropped. However, the record is void of any information regarding the disposition of this charge. Further, the outcome of this charge is not important to our analysis because, pursuant to *Cobbert* and *Walker*, Edmonson still committed three "technical violations," and therefore "the court [could] impose a period of imprisonment to be served in either a technical violation center or a restitution center for up to one hundred eighty (180) days *or the court [could] impose the remainder of the suspended portion of the sentence*." Miss. Code Ann. § 47-7-37(5)(a) (emphasis added). Therefore, this issue is without merit.

## II.     Excessive Detention

¶12.     Second, Edmonson argues that his right to due process was violated because he was held in the county jail for sixty-seven days awaiting a revocation hearing. He asserts that his detention is in violation of section 47-7-37(3), which reads in part that "[i]f the revocation hearing is not held within twenty-one (21) days, the probationer shall be released from custody and returned to probation status." While we acknowledge that Edmonson has a statutory right to a timely revocation hearing, his failure to file a habeas corpus petition or any motion for relief with the court at the time of his imprisonment procedurally bars this Court from considering the issue.

¶13.     Generally, when a person believes he has been illegally detained or confined, he may file a habeas corpus petition at the time of imprisonment. Miss. Code Ann. § 11-43-1 (Rev. 2012). "The purpose of the writ of habeas corpus is to give a person restrained of his liberty an immediate hearing so that it can be determined whether that person is being deprived of constitutional rights, such as the right to due process of law." *Carson v. Hargett*, 689 So. 2d

6

753, 755 (Miss. 1996). Further, the writ of habeas corpus was not abolished by the Post-Conviction Collateral Relief Act. *Id.*

¶14. In order to receive relief from a habeas petition, the petitioner or someone on his behalf must file a sworn petition, in writing, describing the circumstances and facts of the alleged illegal restraint or detention and state the grounds for relief. Miss. Code Ann. § 11-43-9 (Rev. 2012). Further, this petition should be filed in the county where the person is illegally restrained or detained. *Id.*

¶15. In the present case, Edmonson asserts that he should have been released from custody and placed back on probation status because he was illegally held for sixty-seven days awaiting his revocation hearing. However, while he was detained in both Newton and Lowndes counties,[3] Edmonson never sought any relief from either circuit court. To properly preserve this error on appeal, Edmonson should have either filed a habeas petition or a "Motion For Relief Pursuant To Section 47-7-37(3)."[4] His failure to do so resulted in the issue never being presented to the circuit court and, therefore, it is procedurally barred on appeal. "A trial judge will not be found in error on a matter not presented to him for decision." *Smiley v. State*, 798 So. 2d 584, 587 (¶7) (Miss. Ct. App. 2001). Further,

___

[3] Edmonson was originally arrested by Newton County Sheriff's Department on charges of grand larceny. He was later transported to Lowndes County, where he was served with a bench warrant and awaited his revocation hearing.

[4] While "Motion For Relief" is not explicitly provided for in the statute, section 47-3-37 statutorily grants sole authority to the circuit court to set conditions of PRS, to hold a revocation hearing, and to revoke PRS. *See* Miss. Code Ann. § 47-7-37(1) – (5). Therefore, the circuit court has jurisdiction to hear illegal detainment claims while awaiting a revocation hearing. However, this requires that the illegal detainment be brought to the circuit court's attention through a motion or a habeas petition.

"post-conviction relief is not granted upon facts and issues which could or should have been litigated at trial." *Cole v. State*, 666 So. 2d 767, 773 (Miss. 1995).

¶16.	Edmonson's assignment of error not only fails because he failed to preserve the issue on appeal, but also because he failed to show any supporting proof thereof. "The burden falls upon an appellant to ensure the record contains sufficient evidence to support his assignments of error on appeal." *Underwood v. State*, 708 So. 2d 18, 26 (¶22) (Miss. 1998). The record before us is sparse on the details of Edmonson's grand larceny arrest and subsequent pre-hearing detention. The record reflects that he was arrested on June 27, 2015, on a grand larceny charge; however, it is void of any other criminal information or disposition of this charge. The record also is void of any transcript from his revocation hearing. The only information we have regarding Edmonson's pre-hearing detention is that a bench warrant was issued on July 16, 2015, commanding him to report for violations of his supervised release, and that his revocation hearing was on September 8, 2015. The rest of Edmonson's claim is based solely on a narrative that is uncorroborated by the record. *See Genry v. State*, 735 So. 2d 186, 200 (¶72) (Miss. 1999) ("This Court cannot decide an issue based on assertions in the briefs alone; rather, issues must be proven by the record.").

¶17.	While we agree with the circuit court's determination that Edmonson should receive "credit for time served awaiting disposition of the State's petition to revoke," it remains unclear why Edmonson was held—whether it was for the new charge, a violation of his PRS, or both. As a result, this Court is left without the present ability to fairly and adequately assess Edmonson's claim.

### III. Discrepancy in Sentencing

¶18. Finally, Edmonson argues that the written order sentencing him to a period of ten years' imprisonment contradicted the verbal order the judge gave on the day of his revocation hearing. He asserts that the transcript from the revocation hearing would show that the judge verbally sentenced him to five years of incarceration. However, the record before us today does not contain the transcript of the revocation hearing.[5] Edmonson relies on Rule 30(c) of the Mississippi Rules of Appellate Procedure, stating that, because he is an inmate filing an appeal pro se, he is exempt from the requirement to file record excerpts. It is well established throughout Mississippi jurisprudence that an appellant, pro se or not, must provide evidence in the record to support his allegations.[6] Therefore, Edmonson has failed to show that a discrepancy in his sentencing existed.

### CONCLUSION

¶19. In summary, the circuit court had the authority to impose the remainder of Edmonson's suspended sentence based on violations of his PRS conditions. Further, Edmonson's claim for excessive detention while awaiting a revocation hearing is

---

[5] On May 22, 2017, the Mississippi Supreme Court denied Edmonson's request to supplement the record in this case with a transcript of the revocation hearing. Therefore, we are bound by this determination.

[6] *See Bell v. State*, 117 So. 3d 661, 663 (¶8) (Miss. Ct. App. 2013) ("Bell offers no support for the claim other than his bare assertions in his brief. And we cannot decide issues based on assertions from the briefs alone. The issues must be supported and proved by the record."); *Gaddis v. State*, 904 So. 2d 1197, 1199 (¶8) (Miss. Ct. App. 2004) ("Additionally, the necessary transcripts are to be made a part of the record and the appellant bears the burden of presenting a record."); *Lyons v. State*, 881 So. 2d 373, 376 (¶8) (Miss. Ct. App. 2004) ("As has been oft-stated, it is the duty of the appellant to see that the record of trial proceedings wherein error is claim is brought before this Court.").

procedurally barred and lacks support. Likewise, Edmonson's discrepancy-in-sentencing claim lacks support in the record. Therefore, we affirm the circuit court's judgment summarily dismissing Edmonson's PCR motion.

¶20. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WESTBROOKS AND TINDELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. WILSON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**