# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-01678-COA

**DANIEL J. WILLIAMS A/K/A DANIEL JAY WILLIAMS A/K/A DANIEL WILLIAMS**                                     **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                                   **APPELLEE**

DATE OF JUDGMENT:             10/23/2018
TRIAL JUDGE:                  HON. LESTER F. WILLIAMSON JR.
COURT FROM WHICH APPEALED:    LAUDERDALE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       DANIEL J. WILLIAMS (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: SCOTT STUART
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 05/05/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., TINDELL AND LAWRENCE, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     The Lauderdale County Circuit Court revoked Daniel Williams's probation for violating several of its conditions and imposed the remainder of his suspended sentence. In response, Williams, appearing pro se, filed a "Motion to Correct Sentence," alleging the revocation was improper. The circuit court, treating the motion as one for post-conviction relief (PCR), denied it. Williams appealed. Finding no error, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2.     On June 1, 2006, Williams entered a plea of guilty to armed robbery. In October 2005, Williams had exhibited a knife to an employee of the Amoco Food Store in Meridian,

Mississippi, and took $139 in cash. Williams was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections, with thirteen years suspended and five years of supervised probation. He was also ordered to pay court fees and fines in the amount of $911.50.

¶3. On August 9, 2016, after a revocation hearing, Williams's probation was revoked because he violated the following conditions: (1) failing to abstain from the use of drugs and testing positive for THC (marijuana) in December 2015; (2) absconding supervision by failing to report to his probation officer for six months or more beginning in January 2016 until his arrest in July 2016; and (3) failing to pay court assessments of $911.50 and supervision fees of $595. Accordingly, the circuit court ordered Williams to serve the previously suspended thirteen-year portion of his original sentence.

¶4. In response to the order revoking his probation, in September 2016, Williams filed a "notice of appeal" in the Mississippi Supreme Court, which was dismissed as untimely. In February 2017, Williams filed an application for a sentence reduction in the circuit court, arguing he should have only received time in a technical violation center because his sentence was revoked for mere technical violations. Williams also filed a motion to reconsider the supreme court's dismissal of his appeal, which was denied. The supreme court stated a circuit court's order revoking probation is not appealable. In August 2018, the supreme court entered an order stating any request for post-conviction relief must be filed in the circuit court.

¶5. In response, on October 12, 2018, Williams filed a "Motion to Correct Sentence" in

the circuit court, arguing he did not abscond from supervision because he was actually in the Newton County Jail from December 28, 2015, until January 5, 2016, for the failed drug test. Williams argued because he was "seen" in January, he did not fail to report for that month; accordingly, he should only receive time in a technical violation center because he did not abscond for six consecutive months, as set out in Mississippi Code Annotated section 47-7-37.1 (Rev. 2015). The circuit court denied his PCR motion, citing *Carr v. State*, 881 So. 2d 261, 264 (¶8) (Miss. Ct. App. 2003), for the rule that a court has no authority to reconsider a sentence once the term of court in which the defendant was sentenced has ended. The court also found Williams's argument about being "seen" in January without merit because he was required to report to his probation officer from the time of his release in January 2016 until his re-arrest in July 2016, but Williams failed to do so. Williams filed another "Motion to Correct Sentence" with this Court, which we treated as a notice of appeal.

## STANDARD OF REVIEW

¶6. The standard of review for the circuit court's denial of a PCR motion is well-established. The reviewing court "will not reverse the factual findings of the [circuit] court unless they are clearly erroneous." *Walker v. State*, 230 So. 3d 703, 704 (¶6) (Miss. 2017). Questions of law are reviewed de novo. *Id.*

## ANALYSIS

¶7. Williams argues the circuit court erred in revoking his probation and sentencing him to the remaining thirteen years of his sentence. He claims the circuit court improperly sentenced him to the remainder of his suspended sentence under Mississippi Code

3

Annotated section 47-7-37.1 and asks this Court to remand his case for the circuit court to re-sentence him to imprisonment in a technical violation center under Mississippi Code Annotated section 47-7-37(5)(a) (Rev. 2015).

¶8. When the circuit court revoked Williams's probation in August 2016, section 47-7-37(5)(a) (Rev. 2015)[1] provided, in part:

> If the court revokes probation for a technical violation, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed ninety (90) days for the first technical violation and not to exceed one hundred twenty (120) days for the second technical violation. *For the third technical violation*, the court may impose a period of imprisonment to be served in either a technical violation center or a restitution center for up to one hundred eighty (180) days *or the court may impose the remainder of the suspended portion of the sentence. For the fourth and any subsequent technical violation, the court may impose up to the remainder of the suspended portion of the sentence.*

(Emphasis added). Section 47-7-37.1 provides:

> *Notwithstanding any other provision of law to the contrary*, if a court finds by a preponderance of the evidence, that a probationer or a person under post-release supervision has committed a felony or absconded, the court may revoke his probation and impose any or all of the sentence. For purposes of this section, "absconding from supervision" means the failure of a probationer to report to his supervising officer for six (6) or more consecutive months.

(Emphasis added).

¶9. Williams argues that because he was released from the Newton County jail in January

---

[1] Section 47-7-37(5) was amended, effective July 1, 2018, to provide that it is the number of revocations, not technical violations, that controls whether the probationer is imprisoned for a certain number of days in a technical violation center or whether his suspended sentence might be reimposed. However, because Williams's probation was revoked prior to the amendment, the former version is applicable. *See Lewis v. State*, No. 2018-CP-00970-COA, 2020 WL 634080, at *1-2 (¶6) (Miss. Ct. App. Feb. 11, 2020) (finding that the 2018 amendment to section 47-7-37 should not be applied retroactively).

4

2016, he should be re-sentenced under section 47-7-37(5)(a) for mere technical violations because he did not abscond for six or more consecutive months under section 47-7-37.1. Although Williams does not elaborate, he appears to argue that because he was present in the jail in January 2016, he did not need to report to his probation officer. However, even if Williams was excused from reporting in January 2016, he still failed to report for six consecutive months from February 2016 through July 2016. This failure constitutes "absconding from supervision" under section 47-7-37.1, which controls over section 47-7-37(5)(a) in this circumstance.

¶10.    Moreover, even if Williams did not "abscond from supervision" and section 47-7-37(5)(a) applied, the same result would occur. Applying the 2015 version of the statute, the supreme court held that "a proper interpretation of Section 47-7-37(5)(a) requires a finding of each separate violation of parole to be a separate and distinct technical violation." *Walker*, 230 So. 3d at 706 (¶13). The circuit court found Williams had at least three other violations of his probation terms in addition to his failure to report: he tested positive for drugs in December 2015, failed to pay the $911.50 in court fees and fines, and failed to pay $595 in supervision fees, as ordered. Williams committed at least three separate acts or omissions, each violating a condition of the terms of his probation. When Williams remarked during the revocation hearing about the harshness of the revocation, the judge explained that Williams had clearly been informed about the conditions of his probation.

¶11.    Accordingly, under either statute, the circuit court was proper in sentencing Williams to the remainder of his suspended sentence and did not err in denying Williams's PCR

5

motion.

¶12.   **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**