# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00787-COA

**DEMARIO DONTEZ WALKER**                                                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                       **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/22/2023 |
| TRIAL JUDGE: | HON. BRAD ASHLEY TOUCHSTONE |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DEMARIO DONTEZ WALKER (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAUREN GABRIELLE CANTRELL |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/24/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McCARTY AND SMITH, JJ.**

**SMITH, J., FOR THE COURT:**

¶1. Demario Walker pled guilty in the Jefferson Davis County Circuit Court to false pretense. He is currently imprisoned in Rankin County in the custody of the Mississippi Department of Corrections (MDOC) serving sentences for convictions from Jefferson Davis, Rankin, Greene, and Lamar Counties. Walker filed his present motion for post-conviction collateral relief (PCR) in Lamar County. After finding that Walker's motion related entirely to MDOC's calculation of his sentence for false pretense, the Lamar County Circuit Court entered an order dismissing Walker's PCR motion. The Lamar County Circuit Court found that it lacked jurisdiction over Walker's claims because Walker failed to show that he had first exhausted available administrative remedies through MDOC. Walker appealed from the

Lamar County Circuit Court's order dismissing his PCR motion. In so doing, Walker not only renewed his claims regarding MDOC's alleged miscalculation of his sentence for false pretense but also asserted new claims for the first time on appeal.

¶2. Upon review, we find no error in the dismissal of Walker's PCR motion. We therefore affirm the order of the Lamar County Circuit Court. As to Walker's additional claims, which he raises for the first time on appeal, we find they are procedurally barred and not properly before this Court for appellate review. *See Smith v. State*, 385 So. 3d 879, 883 (¶10) (Miss. Ct. App. 2024) ("Precedent mandates that this Court not entertain arguments made for the first time on appeal as the case must be decided on the facts contained in the record and not on assertions in the briefs."). We therefore decline to address Walker's remaining arguments.

**FACTS**

¶3. In 2013, Walker pled guilty in Jefferson Davis County Circuit Court to false pretense. The Jefferson Davis County Circuit Court sentenced Walker to serve five years in MDOC's custody, with the imposition of his sentence suspended pending Walker's completion of a five-year probationary period. In 2015, the Jefferson Davis County Circuit Court found that Walker had committed three technical violations of his terms of probation. The Jefferson Davis County Circuit Court revoked Walker's probation and sentenced him to serve the full five years of his suspended sentence. Walker appealed the revocation of his probation. In 2017, the Mississippi Supreme Court affirmed both the revocation of Walker's probation and the imposition of his five-year suspended sentence. *Walker v. State*, 230 So. 3d 703, 704 (¶1)

(Miss. 2017), *superseded by statute as recognized in White v. State*, 311 So. 3d 1278, 1282 n.6 (Miss. Ct. App. 2021).

¶4.     On May 23, 2023, Walker filed his present PCR motion in Lamar County.  Walker's PCR motion challenged MDOC's computation of his five-year sentence for false pretense. Walker stated that he did not understand how MDOC had calculated his sentence, and he asserted that MDOC had incorrectly computed and illegally extended the length of the sentence.

¶5.     The Lamar County Circuit Court entered an order dismissing Walker's PCR motion. After determining that Walker's requested relief dealt solely with MDOC's computation of his sentence, the circuit court concluded that Walker was required to pursue available administrative remedies through MDOC's Administrative Remedy Program (ARP) before seeking judicial relief.  Because Walker presented no evidence that he had completed the steps for administrative review through MDOC, the circuit court found that Walker's motion was not properly before the court.  The circuit court therefore dismissed Walker's PCR motion to allow Walker to pursue his claims through MDOC's ARP.  Aggrieved, Walker appeals.

**DISCUSSION**

¶6.     Mississippi statutory law and caselaw provide that "[n]o state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure."  Miss. Code Ann. § 47-5-803(2) (Rev. 2015); *accord Carroll v. State*, 371

3

So. 3d 196, 198 (¶5) (Miss. Ct. App. 2023). In addition, "this Court has held on a number of occasions" that "a PCR motion is not a proper vehicle for challenging MDOC's denial of credit for time served[.]" *Easterling v. State*, 283 So. 3d 1198, 1200 (¶4) (Miss. Ct. App. 2019). Thus, an inmate such as Walker, who seeks to "challenge MDOC's calculation of credit for time served" must do so "by obtaining a final ARP decision and then seeking judicial review—not by filing a freestanding PCR motion." *Id.* "Because [Walker] sought judicial review of his claims prior to exhausting available administrative relief through MDOC's ARP, the circuit court correctly [dismissed] his motion" so that Walker may first pursue an administrative remedy for his claims. *Carroll*, 371 So. 3d at 199 (¶7).[1]

**CONCLUSION**

¶7. Finding no error, we affirm the Lamar County Circuit Court's order dismissing Walker's PCR motion for failure to first seek relief through MDOC's ARP.

¶8. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR.**

---

[1] If Walker chooses to pursue administrative review through MDOC, we note that he is presently incarcerated in Rankin County, and "any 'petition for judicial review of a final ARP decision generally should be filed in the county in which the inmate is housed, not the county of his conviction.'" *Carroll*, 371 So. 3d at 199 (¶7) (quoting *Easterling*, 283 So. 3d at 1200 n.2).