# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00153-COA

**MONROE RANDLE**                                                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                        **APPELLEE**

DATE OF JUDGMENT:                 10/31/2013
TRIAL JUDGE:                      HON. JAMES T. KITCHENS JR.
COURT FROM WHICH APPEALED:        CLAY COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:           MONROE RANDLE (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                  BY:   BARBARA BYRD
NATURE OF THE CASE:               CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:          DISMISSED MOTION FOR POST-
                                  CONVICTION RELIEF
DISPOSITION:                      REVERSED AND REMANDED: 05/12/2015
MOTION FOR REHEARING FILED:       05/14/2015: DENIED; REVERSED AND
                                  REMANDED: 11/03/2015
MANDATE ISSUED:

**EN BANC.**

**ISHEE, J., FOR THE COURT:**

## MODIFIED OPINION ON MOTION FOR REHEARING

¶1.     The motion for rehearing is denied. We withdraw our original opinion and substitute this opinion in its place.

¶2.     Monroe Randle was convicted of murder in the Clay County Circuit Court in 1980. He was ordered to serve a life sentence in the custody of the Mississippi Department of Corrections. On February 24, 2010, Randle was granted parole. However, his parole was revoked in July 2012 after he was arrested for simple assault by threat and possession of a

firearm. Randle's motion for post-conviction relief (PCR) was denied by the circuit court, and he filed this appeal.

## FACTS

¶3. In 1980, Randle was convicted of murder and received a life sentence. He was granted conditional parole on February 24, 2010. In July 2012, Randle was arrested for simple assault by threat and possession of a firearm, and his parole was revoked. Randle filed a PCR motion in the circuit court contesting the revocation of his parole. The circuit court summarily dismissed the PCR motion on the ground that "[t]he State Parole Board is the sole authority on granting or revoking parole." Aggrieved, Randle appeals to this Court.

## STANDARD OF REVIEW

¶4. A trial court's dismissal of a PCR motion will not be reversed without a finding that the trial court's decision was clearly erroneous. *Fortenberry v. State*, 151 So. 3d 222, 224 (¶5) (Miss. Ct. App. 2014) (citing *Means v. State*, 43 So. 3d 438, 441 (¶6) (Miss. 2010)). However, when issues of law are raised, the proper standard of review is de novo. *Id*.

## DISCUSSION

¶5. Randle argues that his parole was unlawfully revoked because he was never convicted of the crimes upon which the revocation of his parole was based. The circuit court dismissed Randle's motion without a hearing, stating that it lacked authority to grant the relief sought. The State agrees that the circuit court was correct in dismissing Randle's motion; however, the State contends that the circuit court should have considered whether Randle's claim had any merit.

¶6. This Court has held that "before one released on parole may be returned to custody, the State must show that he has violated the terms and conditions of parole." *Elkins v. State*, 116 So. 3d 185, 187 (¶8) (Miss. Ct. App. 2013) (quoting *Moore v. Ruth*, 556 So. 2d 1059, 1061 (Miss. 1990)). A parolee is entitled to "a written statement by the fact[-]finders as to the evidence relied on **and** reasons for revoking parole." *Id*. While we do not require a conviction to substantiate revocation of parole, the "[m]ere arrest of a probationer is not a violation of probation." *Brown v. State*, 864 So. 2d 1058, 1060 (¶9) (Miss. Ct. App. 2004) (citing *Moore v. State*, 587 So. 2d 1193, 1194 (Miss. 1991)).

¶7. In this case, the circuit court judge summarily dismissed Randle's PCR motion without an evidentiary hearing, and there is no record before this Court providing the information the parole board relied upon in revoking Randle's parole, nor did the circuit judge make any finding as to whether Randle received the appropriate due process at the revocation hearing. Therefore, we reverse and remand this case for an evidentiary hearing.

¶8. **THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR.**