**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2015-CP-00601-COA**

THOMAS J. HOOGHE A/K/A THOMAS                      APPELLANT
HOOGHE A/K/A THOMAS JAMES HOOGHE

v.

STATE OF MISSISSIPPI                                                    APPELLEE


| | |
|---|---|
| DATE OF JUDGMENT: | 03/04/2015 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS J. HOOGHE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POSTCONVICTION RELIEF DISMISSED |
| DISPOSITION: | AFFIRMED - 03/29/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., CARLTON AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.    Thomas Hooghe appeals the summary dismissal of his motion for postconviction

relief (PCR).  We find that the dismissal of Hooghe's motion should be affirmed, without

prejudice, so that Hooghe may refile a procedurally proper PCR motion with the circuit court

within the applicable statute of limitations.

¶2.    On September 22, 2014, Hooghe pled guilty in circuit court cause number 2014-258

to one count of motor-vehicle theft, as a subsequent motor-vehicle offender, and two counts

of grand larceny.  In circuit court cause number 2014-413, he pled guilty to a single count

of grand larceny. In cause number 2014-258, Hooghe was sentenced as a subsequent offender to fifteen years under count one for motor-vehicle theft; to ten years under count two for grand larceny; and to ten years under count three for grand larceny. In cause number 2014-413, Hooghe was sentenced to ten years for the single count of grand larceny. All sentences were ordered to run consecutively.

¶3. On December 30, 2014, Hooghe filed an unsworn PCR motion in the circuit court, which he later amended. On February 9, 2015, Hooghe filed an unsworn amended PCR motion. Hooghe's unsworn motion raised several assignments of error. On March 4, 2015, the circuit court summarily dismissed Hooghe's PCR motion. The circuit court's order stated that under Mississippi Code Annotated section 99-39-11(2) (Rev. 2015), "it plainly appears that [Hooghe] is not entitled to any relief and that the request should be dismissed."

¶4. PCR motions must contain "[a] separate statement of the specific facts which are within the personal knowledge of the petitioner and which shall be sworn to by the petitioner[.]" Miss. Code Ann. § 99-39-9(1)(d) (Rev. 2015). Hooghe did not comply with this provision because his PCR motion did not include a sworn statement of specific facts. Moreover, PCR motions must be accompanied by a verified oath of the prisoner. *Walton v. State*, 165 So. 3d 516, 522 (¶24) (Miss. Ct. App. 2015) (citing Miss. Code Ann. § 99-39-9(3) (Rev. 2015)). Hooghe's PCR motion did not comply with Mississippi Code Annotated section 99-39-9(3) because it was not accompanied by a verified oath.

¶5. "Although this Court has often acknowledged that meritorious claims of pro se petitioners will not be avoided based on inartfully drafted pleadings, we have instructed that

2

petitioners, even if proceeding pro se, must comply with the dictates of section 99-39-9(1)(d)-(e)." *Chapman v. State*, 47 So. 3d 203, 207 (¶15) (Miss. Ct. App. 2010) (citing *Taylor v, State*, 984 So. 2d 372, 373 (¶¶2-3) (Miss. Ct. App. 2008); *Winston v. State*, 893 So. 2d 274, 275 (¶4) (Miss. Ct. App. 2005)). It is plain from the face of the motion that Hooghe is not entitled to any relief because his PCR motion was not sworn to and did not contain a verified oath as required by Mississippi Code Annotated section 99-39-9(1)(d) and (3).

¶6. Therefore, the dismissal of Hooghe's PCR motion is affirmed, without prejudice, so that he may refile a procedurally proper motion in compliance with Mississippi Code Annotated section 99-39-9. *See Taylor*, 984 So. 2d at 373 (¶3).

¶7. **THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**