# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-02023-COA

**COURTNEY ELKINS A/K/A CORTNEY ELKINS**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                      APPELLEE

DATE OF JUDGMENT:             11/01/2013
TRIAL JUDGE:                  HON. RICHARD A. SMITH
COURT FROM WHICH APPEALED:    SUNFLOWER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       COURTNEY ELKINS (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: JEFFREY A. KLINGFUSS
NATURE OF THE CASE:           CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:      PETITION FOR POST-CONVICTION
                              COLLATERAL RELIEF DISMISSED
DISPOSITION:                  AFFIRMED - 04/12/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.

### GRIFFIS, P.J., FOR THE COURT:

¶1.     Courtney Elkins appeals the circuit court's dismissal of his petition for post-conviction collateral relief. After this Court's decision in *Elkins v. State*, 116 So. 3d 185 (Miss. Ct. App. 2013), the circuit court held an evidentiary hearing and upheld the revocation of Elkins's parole. The court found that "the State clearly proved that [it] was more likely than not that [Elkins] committed an act in violation of his parole." We find no error and affirm.

## FACTS

¶2.     The basic facts were summarized in *Elkins*, 116 So. 3d at 186-87 (¶¶2-5).

On February 17, 1995, Elkins [pleaded] guilty in the Sunflower County Circuit Court to murder and was sentenced to life imprisonment. Twelve years later, the Mississippi Parole Board granted Elkins conditional parole and allowed him to relocate to Chicago, Illinois.

While in Chicago, Elkins was arrested on June 4, 2009, and charged with domestic battery, after he allegedly pushed down his girlfriend. Upon learning of his arrest, a preliminary parole hearing was held in Illinois to determine whether there was probable cause that Elkins had violated the conditions of his parole. The hearing officer concluded there was probable cause and recommended a parole-violation hearing be conducted. But two days later, on June 19, 2009, the Chicago Police Department dismissed by a nolle prosequi (or "nol-prossed") the domestic-battery charge against Elkins.

In August 2009, Elkins was extradited to Mississippi. Elkins waived his right to a preliminary parole-revocation hearing and requested he be returned to custody for a final parole-revocation hearing before the Mississippi Parole Board. Though the Illinois charge had been nol-prossed months earlier, and the purported victim provided the Board an affidavit in which she recanted the battery allegation, the Board revoked Elkins's parole on November 4, 2009. As a result, Elkins was sent back to prison for life.

Elkins filed a PCR motion on April 29, 2011, alleging his parole had been unlawfully revoked. The trial court summarily dismissed Elkins's PCR motion without conducting a hearing.

¶3. On appeal, this Court remanded to the circuit court for an evidentiary hearing to determine what evidence the Mississippi Parole Board relied upon in revoking Elkins's parole. Following our remand, an evidentiary hearing was held in August 2013. At the hearing, testimony was given by Elkins, Nadeja Beasley, and Stephanie Skipper.

¶4. Beasley, Elkins's former girlfriend whom he allegedly battered, testified that Elkins did not hurt her. She now claims that she called the police because she was angry with Elkins, and she knew that an arrest would cause problems with his parole. After Elkins's

2

arrest, she wrote an affidavit explaining what happened on the day of the incident and sought to have the charges against Elkins dropped.

¶5.     Skipper, an employee of the Mississippi Parole Board, recorded Elkins's parole hearing. According to Skipper, the Board also considered an earlier arrest in Chicago, where Elkins stabbed his father with a knife. This arrest occurred in February 2008. After this arrest, Illinois allowed Elkins to continue on parole and ordered him to attend anger-management classes and family counseling. Based on the Board's record of the hearing, Elkins admitted to both incidents of domestic violence, stabbing his father and pushing Beasley.

¶6.     The circuit court then denied Elkins's PCCR petition after finding "that [it] was more likely than not that [Elkins] committed an act in violation of his parole." Elkins now appeals.

## STANDARD OF REVIEW

¶7.     "A circuit court's denial of post-conviction relief will not be reversed absent a finding that the court's decision was clearly erroneous." *Morris v. State*, 66 So. 3d 716, 719 (¶13) (Miss. Ct. App. 2011). But "when issues of law are raised, the proper standard of review is de novo." *Id.*

## ANALYSIS

¶8.     Elkins argues that his parole should be reinstated because the charges stemming from both incidents of domestic violence (stabbing his father and pushing Beasley) were dropped. But even when a parolee is acquitted in a criminal proceeding, this "does not per se preclude

3

parole revocation predicated upon facts and circumstances giving rise to the criminal charge." *Williams v. Castilla*, 585 So. 2d 761, 764 (Miss. 1991).

¶9. In revoking parole, "before one released on parole may be returned to custody, it must be shown that he has violated the terms and conditions of parole." *Moore v. State*, 587 So. 2d 1193, 1196 (Miss. 1991). "[A]n arrest alone is not sufficient to prove that the defendant committed the act which violated the parole." *Morris*, 66 So. 3d at 719-20 (¶17). "[W]hen there is an acquittal or dismissal of the underlying criminal charges, [before the accused's parole may be revoked], the State must offer actual proof that he committed an act violating the terms and conditions of his parole, and the mere fact that he was arrested and charged with [a crime] may hardly suffice." *Elkins*, 116 So. 3d at 188 (¶13). "The Board may not rely on the mere fact that the parolee has been charged with a felony." *Williams*, 585 So. 2d at 764. On review, it must be shown "that reasonable grounds existed for revocation of . . . parole outside of the . . . charge itself." *Moore v. State*, 605 So. 2d 794, 795 (Miss. 1992).

¶10. After this Court remanded, an evidentiary hearing was held, and Elkins was given "an opportunity to prove his claim that his parole had been unlawfully revoked." *Moore*, 587 So. 2d at 1196. "The burden was on [Elkins] to prove by a preponderance of the evidence that he was entitled to reinstatement of his parole." *Id.*

¶11. During the evidentiary hearing, the State presented evidence that Elkins had previously been arrested due to acts of domestic violence. In 2008, Elkins stabbed his father during an argument. The Chicago police arrested him and charged him with domestic

4

battery. Illinois permitted Elkins to continue on parole upon the condition that he attend anger-management classes and move to a new address.

¶12. Skipper testified during the hearing in circuit court that the Board became aware of Elkins's first charge for domestic violence against his father when Illinois sent Elkins back to Mississippi. According to Skipper, during the hearing with the Board, Elkins admitted to pushing Beasley and hurting her wrist. Elkins was also asked about the first incident of domestic violence with his father. He admitted that he stabbed his father during an argument. Skipper testified that the Board made its decision based on both instances of domestic violence, not just the arrest resulting from the incident with Beasley.

¶13. This Court finds that the circuit court did not err in upholding Elkins's parole revocation. Elkins failed to prove by a preponderance of the evidence that he is entitled to a reinstatement of his parole. Furthermore, the State showed that reasonable grounds outside of Elkins's charge of domestic violence existed for the revocation of parole.

¶14. **THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DENYING THE PETITION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**