## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-00242-COA

**DWIGHT LOTT A/K/A DWIGHT L. LOTT**                                   **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                            **APPELLEE**

DATE OF JUDGMENT:                  08/27/2015
TRIAL JUDGE:                              HON. ANTHONY ALAN MOZINGO
COURT FROM WHICH APPEALED:    PEARL RIVER COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         DWIGHT LOTT (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                               BY: JEFFREY A. KLINGFUSS
NATURE OF THE CASE:                 CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:          DISMISSED MOTION FOR
                                               POSTCONVICTION RELIEF
DISPOSITION:                             REVERSED AND REMANDED - 02/21/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND FAIR, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     Dwight Lott contends his parole was unlawfully revoked, and he was entitled to a preliminary revocation hearing. We reverse and remand for an evidentiary hearing to determine whether Lott's parole was unlawfully revoked.

## PROCEDURAL HISTORY

¶2.     In 1988, Lott pleaded guilty in the Pearl River County Circuit Court to murder and was sentenced to life in the custody of the Mississippi Department of Corrections. His conviction and sentence were affirmed in 1992. *See Lott v. State*, 597 So. 2d 627, 631 (Miss.

1992).  Lott was paroled in 2000, arrested in 2010 in Marion County, and charged in 2011 for attempted sexual battery and child molestation.  Lott's parole was revoked on October 12, 2011.  The charges in Marion County were nolle prossed in 2012.

¶3.     Lott filed a motion for postconviction relief (PCR) in the Greene County Circuit Court on October 15, 2012, arguing issues relating to his parole revocation.  The trial court denied Lott's motion, and Lott appealed.  This Court dismissed Lott's appeal for lack of jurisdiction, finding Lott had not filed his PCR motion in the county where he had been convicted (Pearl River County), and Lott had failed to obtain permission from the Mississippi Supreme Court to proceed in the trial court. *Lott v. State*, 135 So. 3d 229, 230 (¶¶6-7) (Miss. Ct. App. 2014).

¶4.     Lott subsequently filed an application with the Mississippi Supreme Court for leave to proceed in the trial court.  On June 18, 2014, the supreme court issued an order dismissing Lott's application as improperly filed.  The supreme court noted that Lott was not required to seek permission since he had pleaded guilty in 1988 and his appeal in 1992 was not a direct appeal, but a PCR motion.  *See* Miss. Code Ann. § 99-35-101 (Rev. 2015) (direct appeal not permitted after guilty plea).

¶5.     Lott then filed his PCR motion in the Pearl River County Circuit Court.  In response to Lott's motion, the State requested an evidentiary hearing.  A hearing never occurred.  Rather, the trial court dismissed Lott's motion, finding no error in the revocation of Lott's parole.  Lott appeals, asserting several issues relating to whether his parole was unlawfully revoked.

## STANDARD OF REVIEW

2

¶6.    "When reviewing a circuit court's dismissal of a PCR motion, this Court will only reverse a circuit court's factual findings if the findings are determined to be clearly erroneous." *Pickle v. State*, 115 So. 3d 896, 898 (¶10) (Miss. Ct. App. 2013) (citation omitted).  Issues of law are reviewed de novo. *Id.*

¶7.    This Court has recognized that a "circuit court may dismiss a [PCR motion] without an evidentiary hearing where it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief." *Id.* at 899 (¶12) (internal quotations and citation omitted).

## DISCUSSION

¶8.    Lott argues that his parole was unlawfully revoked because the indictment was later nolle prossed, and that he did not have a revocation hearing.  The "preliminary revocation hearing report" states, "[H]earing denied due to indictment."  The Mississippi Parole Board (MPB) revoked his parole on October 12, 2011.  The document attached to the parole revocation states, "Parole revocation hearing – 10-12-11," and it notes Lott was present for the hearing.  The State recognizes that the record on appeal does not indicate what evidence was presented or on what basis the final revocation was made.  The State argues that the trial court presumed the MPB had sufficient evidence to revoke Lott's parole, and this Court should likewise affirm based upon "the presumption of correctness."

¶9.    This Court has held that "before one released on parole may be returned to custody, the State must show that he has violated the terms and conditions of parole." *Elkins v. State*, 116 So. 3d 185, 187 (¶8) (Miss. Ct. App. 2013) (quotation omitted).  A parolee is entitled to

"a written statement by the fact[-]finders as to the evidence relied on and reasons for revoking parole." *Id.* Even if a parolee is acquitted or charges are dismissed, this "does not per se preclude parole revocation predicated upon facts and circumstances giving rise to the criminal charge." *Williams v. Castilla*, 585 So. 2d 761, 764 (Miss. 1991). "The [MPB] may not rely on the mere fact that the parolee has been charged with a felony." *Id.*

¶10. Here, the trial court summarily dismissed Lott's PCR motion without an evidentiary hearing, and there is no record before us providing the information relied upon in revoking Lott's parole. Therefore, we reverse and remand this case for an evidentiary hearing.

¶11. **THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**