# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00465-COA

**KENTRIAL BELK A/K/A KENTRAIL L. BELK**     **APPELLANT**
**A/K/A KENTRAIL BELK A/K/A KENTRIAL L.**
**BELK A/K/A TRELL A/K/A KENTRIAL LEVEX**
**BELK**

**v.**

**STATE OF MISSISSIPPI**           **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/14/2020 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KENTRIAL BELK (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 07/27/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE BARNES, C.J., McDONALD, McCARTY AND EMFINGER, JJ.

### BARNES, C.J., FOR THE COURT:

¶1. After the Oktibbeha County Circuit Court denied his motion for post-conviction relief (PCR) on the merits, Kentrial Belk appealed the court's ruling. Finding the court did not err in its findings, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2. On July 10, 2015, an Oktibbeha County grand jury indicted Kentrial Belk on nine counts: Counts 1, 3, and 5 were for the sale or transfer of marijuana; Counts 2, 4, 6, 7, and 8 were for the sale or transfer of cocaine; and Count 9 was for the possession of marijuana.

The indictment also noted that Belk had a previous felony conviction for possession of cocaine, for which he had received a sentence of three years in the custody of the Mississippi Department of Corrections (MDOC). As part of a plea agreement with the State, Belk entered a guilty plea to one count of possession of marijuana with intent to distribute on July 31, 2017.[1] The circuit court sentenced Belk to ten years in the custody of the MDOC as a habitual offender with no eligibility for parole or early release.

¶3. Belk filed a PCR motion on December 15, 2017, alleging that "his plea was involuntary and the product of ineffective assistance of counsel."[2] He also claimed that Counts 1-8 of his indictment should have been dismissed on jurisdictional grounds,[3] he was never arrested, arraigned, or provided a preliminary hearing for Count 9, and his ten-year sentence was illegal. The State confessed error with regard to the illegal-sentence issue; so the circuit court granted Belk's PCR motion in part, and a hearing was held on July 17, 2018. Finding the ten-year sentence "was not within the maximum sentence authorized by law," the court re-sentenced Belk to serve a term of eight years in the custody of the MDOC.

¶4. Belk appealed the circuit court's ruling on August 8, 2018. Because the court's sentencing order did not resolve Belk's remaining claims in his PCR motion, we found it was

---

[1] The remaining eight counts were retired to the files.

[2] Neither Belk's PCR motion nor the transcript of his guilty-plea proceedings are contained in the record. This information is taken from our opinion in *Belk v. State*, No. 2018-CP-01143-COA, 2020 WL 1441312, at **1-3 (¶¶1-13) (Miss. Ct. App. Mar. 24, 2020), and the circuit court's order dated April 14, 2020, *see infra* ¶5.

[3] He contends that "[v]ideo evidence demonstrated that the facts and incidents giving rise to such charges occurred in Webster County, Mississippi."

"not a final judgment" and dismissed the appeal for lack of jurisdiction. *Belk*, 2020 WL 1441312, at *3 (¶¶17-18).

¶5. On April 14, 2020, the circuit court denied Belk's remaining claims. Regarding the claims of ineffective assistance of counsel, the court found in its order that Belk's counsel had "successfully negotiated the retirement to the file of counts 1-8, all of which contained allegations of sales of controlled substances." The court also determined that "[w]ith respect to Belk's claim that he was sentenced to serve too much time and thereby denied effective assistance of counsel," Belk "suffered no prejudice" because the court subsequently corrected the alleged error "by resentencing Belk." The court concluded Belk's plea was "voluntarily, knowingly and intelligently entered," and his remaining claims—that the county had no jurisdiction over Counts 1-8 and that he was denied a preliminary hearing—lacked merit.

¶6. Appealing the court's ruling, Belk again asserts that his conviction should be vacated, as "his guilty plea was involuntary and the product of ineffective assistance of counsel." He also reiterates his argument that Oktibbeha County indicted Belk for crimes for which it had no jurisdiction and "used those improperly filed crimes to get Belk's attorney to induce a plea for an illegal sentence by manipulation." Lastly, Belk contends that he failed to receive a preliminary hearing or an arraignment on such charge as required by law and that the court should have granted him an evidentiary hearing on these issues. Because the majority of Belk's assignments of error are intertwined with his claims of ineffective assistance of counsel, we will address them together for the sake of brevity and clarity.

**STANDARD OF REVIEW**

3

¶7.    "A circuit court's denial of post-conviction relief will not be reversed absent a finding that the court's decision was clearly erroneous." *Claverie v. State*, 261 So. 3d 1120, 1125 (¶17) (Miss. Ct. App. 2018) (quoting *Elkins v. State*, 188 So. 3d 613, 615 (¶7) (Miss. Ct. App. 2016)).  The standard of review for questions of law, however, is de novo. *Id*.

## DISCUSSION

¶8.    In *Worth v. State*, 223 So. 3d 844, 849-50 (¶17) (Miss. Ct. App. 2017), this Court discussed the standard for addressing a PCR movant's allegation of ineffective assistance of counsel:

> A claim of ineffective assistance of counsel requires proof that counsel's performance was objectively deficient and that the defendant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 . . . (1984). If either prong of *Strickland* is not met, the claim fails. *Shinn v. State*, 174 So. 3d 961, 965 (¶10) (Miss. Ct. App. 2015) (citing *Havard v. State*, 928 So. 2d 771, 781 (¶8) (Miss. 2006)).  "A voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Thomas* [*v. State*], 159 So. 3d [1212,] 1215 (¶10) [(Miss. Ct. App. 2015)] (internal quotation marks omitted).  Thus, to obtain post-conviction relief, a petitioner who pled guilty must prove that his attorney's ineffective performance proximately caused the plea—i.e., that but for counsel's errors, the petitioner would not have entered the plea. *Id*.

Belk argues that his defense counsel "fail[ed] to advise [him] that the sentence he was accepting was excessive."  As noted, the circuit court already found that his original sentence of ten years was outside the maximum allowed by law and re-sentenced Belk to eight years in custody as a habitual offender.  Therefore, we agree with the court's finding that Belk "suffered no prejudice" with regard to this claim.

¶9.    Belk also contends that his counsel was ineffective for not moving to have Counts 1-8

4

dismissed for lack of jurisdiction. This claim is based on his other argument that Oktibbeha County lacked jurisdiction over Counts 1-8 because, as he alleges, those crimes were committed in another county. The circuit court determined that Belk had failed to provide any "factual support" for this claim. "A PCR movant must produce 'more than conclusory allegations on a claim of ineffective assistance of counsel.'" *Ingram v. State*, 107 So. 3d 1024, 1028 (¶13) (Miss. Ct. App. 2012) (quoting *Carpenter v. State*, 899 So. 2d 916, 921 (¶23) (Miss. Ct. App. 2005)). We can find no error in the court's finding, particularly without Belk's PCR motion in the record. Moreover, these charges were retired to the files; so even if there were evidence to support Belk's allegations, we find no prejudice resulting from counsel's failure to assert an argument on this basis.

¶10. Belk argues that his counsel further rendered ineffective assistance by failing to move for a dismissal because Belk "was never arrested, arraigned, or provided with a preliminary hearing in regards to the possession of marijuana." As this Court acknowledged in our prior decision in *Belk*, 2020 WL 1441312, at *1 (¶2), Belk had an initial appearance for Counts 1-8 on June 3, 2015, but "[t]here was no mention of a ninth count." A month later, however, Belk was indicted on all nine counts, and the circuit court's docket indicates that Belk waived arraignment with respect to the indictment on August 6, 2015. *Id*. at (¶¶3-5). Further, as the circuit court cited in its order denying Belk's motion,

> "[a] defendant may waive arraignment, either expressly or impliedly, by proceeding to trial without objection, and one who has by his assent and conduct thus impliedly joined issue with the state on an affidavit or indictment, cannot, by objection to a later arraignment, avoid a conviction." *Spry v. State*, 796 So. 2d 229, 233 (¶12) (Miss. 2001) (quoting *Bufkin v. State*, 134 Miss. 1, 16, 98 So. 452, 454 (1923)). Therefore, "by pleading guilty without objecting

5

to his arraignment," a defendant waives any objection. *Id.* *Magee v. State*, 189 So. 3d 658, 660 (¶7) (Miss. Ct. App. 2015). The court further found that Belk "was expressly informed" of the allegation for Count 9 at his plea hearing, and "Belk indicated that he understood the charges, including the factual basis for the charge, and that he was pleading guilty to the charge." Without a transcript of the plea proceedings in the record, we cannot find the circuit court's findings are clearly erroneous. *See Bates v. State*, 914 So. 2d 297, 299 (¶7) (Miss. Ct. App. 2005) ("As a general rule, when an appellate record contains no transcript of a plea hearing, this Court must presume that the trial court acted properly."). Therefore, we find no merit to Belk's claim of ineffective assistance on this basis, nor to his argument regarding the failure to provide a preliminary hearing or arraignment.

¶11. Accordingly, having found no error in the circuit court's findings on the issues raised by Belk, we affirm the court's denial of the PCR motion.

¶12. **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**